U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 28 PM 2: 28

CLERK

BY ԼԱՆ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ERICA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-371 |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER**

On January 17, 2025, Plaintiff Erica Brown, representing herself, commenced this action against the Social Security Administration ("SSA") in Vermont Superior Court, Civil Division, Windham Unit. On February 6, 2025, the state court granted Plaintiff's Application to Waive Filing Fees and Service Costs. On April 3, 2025, the SSA removed the case to this court because it asserts a claim against a federal agency. (Doc. 1.) The SSA contends that, at the time the case was removed, Plaintiff had not yet completed proper service of process on SSA. On April 23, 2025, this court granted SSA's motion for an extension of time to answer or respond to the Complaint until sixty days from the date proper service upon the United States is completed. As of the date of this Order, no further filings have been received.

**I.    Service of Process.**

Pursuant to 28 U.S.C. § 1448, once a case has been removed, a plaintiff must serve any defendant who has not been properly served with process in state court. The Federal Rules of Civil Procedure require service to be made in accordance with state law where the district is located,[1] or in accordance with federal requirements. *See* Fed. R. Civ. P. 4(e). "In [g]eneral[,] [a] summons must be served with a copy of the complaint. The

---

[1] The Vermont Rules of Civil Procedure for service of process largely mirror the Federal Rules. *See* Vt. R. Civ. P. 4.

plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

To serve a United States agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]" Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[,]" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* 4(i)(1).

Rule 4(l)(1) requires proof of service of the summons be made to the court. In this case, no proof of service has been filed with the court. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under 28 U.S.C. § 1448, Plaintiff was required to serve the United States after this case was removed, and under Rule 4(m) she was required to effect that service within ninety days. As of this date, more than ninety days have passed since the case was removed. Plaintiff has not filed proofs of service with this court and no further filings have been received from her.

II.     *In Forma Pauperis* Status.

Although Plaintiff's Application to waive fees and costs in state court was granted, she has not applied for *in forma pauperis* ("IFP") status in this court. Under the federal statute, when a litigant is granted IFP status, "[t]he officers of the court shall issue and

serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). If necessary, service shall be effected by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3).

    Together with the copy of this Entry Order, the Clerk's Office is respectfully requested to send Plaintiff forms consisting of this court's Application for Leave to Proceed *in Forma Pauperis* and Affidavit in Support. On or before August 29, 2025, Plaintiff shall either apply for IFP status in this court or file proof of service of process on the SSA and United States. **If Plaintiff should fail to respond, the case will be dismissed without prejudice under Rule 4(m).**

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 28th day of July, 2025.

    Christina Reiss, Chief Judge
United States District Court